**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL ACTION NO 14-000135-KD** |
| | ) | |
| **EDWARD SMITH, III** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter is before the Court on the defendant's motion to dismiss the indictment (Doc. 255) and the response filed by the United States. (Doc. 282). The defendant moves to dismiss the indictment based on his allegation that the government has breached its plea agreement with the defendant, which was entered into in a previous case.

On October 8, 2012, the defendant made an illegal lane change and was pulled over by the Selma Police Department for a traffic violation. Throughout the course of the stop, and the defendant's subsequent arrest and search, authorities found a firearm, approximately one pound of marijuana, approximately 57.1 grams of crack cocaine, a set of scales, and approximately $4,848.43 in U.S. currency, all on the defendant's person. On December 27, 2012 the grand jury returned a three count indictment against the defendant. (12-302, Doc.1). Count One charged distribution and possession with intent to distribute a controlled substance (crack cocaine) in violation of 21 U.S.C. § 841(a)(1). Count Two charged distribution and possession with intent to distribute a controlled substance (marijuana) in violation of 21 U.S.C. § 841(a)(1). Count Three charged possession of a firearm in furtherance of these drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A). The defendant was arrested on January 10, 2013 and has remained in custody since that date.

On February 14, 2013, pursuant to a written plea agreement, the defendant pled guilty to Count Three. (12-302, Doc. 29). Paragraph 19 of the plea agreement states, "The United States will not bring any additional charges against the defendant related to the facts underlying the indictment and will move to dismiss all remaining counts once sentencing is imposed." On May 13, 2013, the defendant was sentenced to 60 months in custody of the Bureau of Prisons, a supervised release term of five years, and a special assessment of $100.00. Counts One and Two of the indictment were dismissed pursuant to the plea agreement.

On May 29, 2014, the grand jury returned the indictment at issue in this case. It contains 31 counts, implicating 18 defendants, including the defendant, Edward Smith, III. The defendant was indicted on Counts One and Twenty-Seven of the indictment. Count One alleges his participation in a drug trafficking conspiracy in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2. Count Twenty-Seven alleges his participation in a money laundering conspiracy in violation of 18 U.S.C. § 1956(a)(1)(B)(i), 18 U.S.C. § 1956(a)(1)(A)(i), and 18 U.S.C. § 1956(h). The government alleges that the conspiracies took place between 2009 and May 28, 2014.

On September 5, 2014, defense counsel filed this motion to dismiss the indictment arguing that the government had breached the plea agreement it entered into with the defendant in 12-302 (the first indictment), when it brought the charges against the defendant alleged in the May 29, 2014 indictment (the second indictment). On September 16, 2014, the government responded in opposition.

The Supreme Court has held that the acceptance and enforcement of plea agreements

> must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or

> agreement of the prosecutor, so that it can be said to be part of the
> inducement or consideration, such promise must be fulfilled.

Santobello v. New York, 404 U.S. 257, 262 (1971).  In United States v. Copeland, the Eleventh

Circuit outlined a two step process for evaluating whether there has been a breach of a plea

agreement. 381 F.3d 1101 (11th Cir. 2004).  First, the court must determine whether the

language of the agreement is ambiguous. Id. at 1106.  In an unpublished 2006 opinion, the

Eleventh Circuit held a similarly worded plea agreement was not ambiguous.  See United States

v. Beeks, 167 Fed. Appx. 777, 779 (11th Cir. 2006).  The Beeks plea agreement stated "If the

court accepts this plea agreement, the United States Attorney's Office for the Middle District of

Florida agrees not to charge the defendant with committing any other federal criminal offenses

known to the United States Attorney's Office at the time of the execution of this agreement,

*related to* the conduct giving rise to this plea agreement." Id. at 778 (emphasis added). The court

explained, "we find no facial ambiguity to the phrase 'related to the conduct giving rise to

this plea agreement.' The term 'related to' is used in its ordinary sense to mean connected to or

associated with." Beeks at 779.  Relying on the Eleventh Circuit's interpretation of the phrase

"related to," the Court finds that the terms of the plea agreement are not ambiguous.

    Under Copeland, "the court is limited to the unambiguous meaning of the language in the

plea agreement" and the next step is for the court to "decide whether to enforce the agreement,

keeping in mind that 'the validity of a bargained guilty plea depends finally on the voluntariness

and intelligence with which the defendant-and not his counsel-enters the bargained plea.'"

Copeland at 1106 quoting United States v. Harvey, 791 F.2d 294, 301 (4th Cir. 1986).

    The court has examined the meaning of the phrase "related to" and finds that "related to

the facts underlying the indictment" extends to charges "connected to or associated with" facts

underlying the indictment.[1] Beeks at 779. The facts underlying the first indictment known to the court are contained in the factual resume portion of the February 14, 2012 plea agreement. The factual resume contains the following information: On October 8, 2012 the defendant had a loaded Glock .357 semi-automatic pistol, approximately one pound of marijuana, a set of scales, approximately $4,848.43 in U.S. currency, and approximately 57.1 grams of crack cocaine, all on his person at the time of his stop and subsequent search and arrest. (12-302, Doc. 29). The plea agreement also states, "Firearms are tools of the drug trade and used to protect the drug dealer and his valuable product." (12-302, Doc. 29 at 12).

The second indictment charges the defendant with being a member two conspiracies that allegedly ran from 2009 to on or about May 28, 2014. The first conspiracy charged is a drug trafficking conspiracy and the second conspiracy charged is a money laundering conspiracy. The money being laundered is alleged to be the money illegally obtained from trafficking in controlled substances.

The court has searched Eleventh Circuit and other federal precedent for a similar situation to the defendant's current position and finds little guidance to determine the outcome of this unique set of facts. In United States v. Pressley, the District of New Jersey evaluated a factually similar situation. 865 F. Supp. 2d 606 (D. N.J. 2012). In 2007, Pressley was indicted on charges pertaining to his receipt of bribes, in violation of 18 U.S.C. § 1951(a). Id. at 608. Pursuant to a written plea agreement, he pled guilty in 2007. Id. The 2007 agreement stated that the government "[would] not initiate any further charges against Pressley for, between May 2006 and November 2006, demanding and receiving corrupt payments in exchange for his official

---

[1] The court has searched federal cases in Westlaw for the phrase "related to the facts underlying the indictment" and has returned no results other than those from the Southern District of Alabama.

action and influence as a member of the school board." Id. In August 2011, Pressley was indicted for a second time. Id. at 609. He was accused of collecting Supplemental Security Income (SSI) payments while concealing income and resources from the Social Security Administration (SSA), resulting in overpayments by the SSA of approximately $31,597. Id. at 610. The one count indictment alleged conversion of money of the United States in violation of 18 U.S.C. § 641 and the dates of the allegations spanned from January 2003 to December 2007. Id. at 609-10. One of the sources of Pressley's alleged concealed income was the money obtained via the bribes to which he pled guilty in 2007. Id. The government included the money obtained via the bribes in the first indictment in its Bill of Particulars, and this sum accounted for the largest single source of income in the concealed income charged in the second indictment. Id. Finding that the government had breached its prior plea agreement with the defendant, the court concluded "[T]he fact that there are other alleged acts and sources of income that could also prove Defendant's culpability for the alleged crime does not alter the fact that an undeniable basis for the indictment, and one possible basis for conviction, is directly dependent on the same conduct that was the subject of the plea agreement." Id. at 614. Though the plea language differs from the instant situation, the reasoning of the court is instructive, especially in light of the fact that Pressley's plea agreement was more limiting than Smith's.

The language of the plea agreement in the first Smith indictment states: "The United States will not bring any additional charges against the defendant related to the facts underlying the indictment and will move to dismiss all remaining counts once sentencing is imposed." (12-302, Doc. 29 at 6). The second indictment charges the defendant with participation in a drug trafficking conspiracy and a money laundering conspiracy, which are are "related to" the facts of the first indictment. Though there is likely other evidence that may implicate the defendant in the

5

newly charged conspiracies, the government has not alleged that Smith's possession of one pound of marijuana, 57.1 grams of crack, firearm, scales, and $4,848.43 are not "related to" the conspiracies for which the defendant is now indicted. The events of October 8, 2012 took place during the time frame of the now indicted conspiracies, involved drug trafficking and a large sum of cash, and as noted in the factual resume, the firearm was present to provide protection for the "drug dealer and his valuable product." Though the parties may differ on what their view of "related to" covers, imprecision in drafting of a written plea agreement is to be construed against the government. United States v. Harvey, 869 F.2d 1439, 1451-52 (11th Cir. 1989) citing United States v. (Michael) Harvey, 791 F.2d at 301.

Because "related to" extends to the conduct alleged in the second indictment, it was reasonable for the defendant to understand the meaning of the plea agreement to extend to the newly indicted charges and the government's pursuit of the second indictment breached the plea agreement. When the government has breached a plea agreement, two remedies are available: specific performance or withdrawal of the guilty plea. United States v. Tobon-Hernandez, 845 F.2d 277, 281-81 (11th Cir. 1988). Here, because the defendant has already served a significant portion of his sentence on his plea of guilty to the first indictment, specific performance is the appropriate remedy. Because the second indictment is directly "related to the facts underlying the [first] indictment", Counts One and Twenty-Seven against the defendant are due to be dismissed.

Upon consideration, and for the reasons stated above, defendant's motion to dismiss the indictment is **GRANTED**.

**DONE** and **ORDERED** this the 25th day of September, 2014.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**